(No. 34625.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HOWARD JOHNSON, Plaintiff in Error.

*Opinion filed May 21, 1958.*

620

Louis M. Leider, of Chicago, (Melvin B. Lewis, Frank W. Oliver, and Sheldon K. Rachman, all of Chicago, of counsel,) for plaintiff in error.

Latham Castle, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach, William H. South, Francis X. Riley, and John J. Stamos, of counsel,) for the People.

Mr. Justice Hershey delivered the opinion of the court:

Howard Johnson, herein referred to as defendant, prosecutes this writ of error to review his conviction of the crime of murder in the criminal court of Cook County. Defendant was tried before a jury, with one Robert Vance, for the murder of one Robert Taylor. Robert Vance was

acquitted and defendant was found guilty and sentenced to 20 years in the penitentiary.

It appears from the record that on December 23, 1955, at about 12:15 A.M., a cab was found at 151 Swan Street, in the city of Chicago with a man lying slumped over the wheel dead, who was the Robert Taylor alleged to have been murdered. A second man, Robert Vance, was lying on the floor of the back seat, half in and half out of the cab, wounded.

Later the same morning the defendant, with a grazing bullet wound on his right chest was taken to Provident Hospital for treatment. Defendant and Vance were treated in the same room and interrogated by officers. Defendant and Vance denied knowing each other, and defendant first claimed he was shot by holdup men who tried to rob him, and gave a statement to that effect. Later defendant gave a second statement refuting the first, admitting he knew Vance and that he had met a friend named "Slick" who got them to accompany him to get some money. Defendant said they accompanied Slick in a cab, and upon arriving at Slick's stated destination, Slick leaned over the back of the front seat, and the shooting started, whereupon defendant was wounded and ran home.

Robert Vance also gave a statement. He claimed he entered the cab to go see a girl, and that defendant and Slick followed him in; that the cab driver proceeded to Slick's destination first, and as they pulled up to the address, Slick leaned over the front seat and announced the stickup. Then both Slick and the driver started firing.

Defendant and Vance were jointly indicted for the murder of Robert Taylor, and each entered pleas of not guilty. On September 19, 1956, defendant moved the court for a bill of particulars and for severance. Both motions were denied. Trial was commenced on October 3, 1956. Upon the completion of the People's oral evidence

and the allowance of the statements of defendant and Vance in evidence, the defendant renewed his motion for severance, which was denied. The statements were then read to the jury. Upon the close of all of the evidence and the arguments, the cause was submitted to the jury, who returned their verdicts on October 11, 1956. On October 15, 1956, defendant made a motion for a new trial and petitioned for leave to poll the jury. Hearing was had on the motion and petition on October 22, 1956, whereupon both the motion and petition were denied, and judgment was pronounced on the defendant.

The defendant now presents this writ of error contending, among other reasons for reversal, that the trial court improperly denied the defendant's motions for a separate trial. In order to understand this contention of the defendant it is necessary to review the record.

The record discloses that a month before the trial in this cause commenced, the defendant presented to the trial court two motions. The first requested that the court order to be produced all confessions or admissions by any one in this cause. The second requested that the court grant a separate trial to this defendant from that of his codefendant, Vance, for the reason that the codefendant gave testimony under oath at the coroner's inquest which was exculpatory in nature as to him, but implicated this defendant, Johnson, in the murder of the cab driver, Robert Taylor. Both motions were denied and it was ordered that the defendants stand trial jointly.

The State at the joint trial did not use the testimony of Vance given at the coroner's inquest. However, there was admitted in evidence at said trial a statement made by Vance, which included all of his testimony given at said inquest. In this statement Vance related that he was in a cab on his way to Sixtieth and Racine streets when Johnson, his co-defendant, and a man designated in the testimony as "Slick" pushed their way into the cab in pur-

suance of their design to stick up the cab. He denied and disclaimed any participation in the crime. He, in his statement, thus associated his codefendant with Slick in the commission of the crime. He again associated his codefendant with Slick by stating that both asked him to join in the plan to commit the crime. Johnson claims that as soon as he learned from the statement of Vance, admitted in the trial, of his claim that he was associated with Slick in the crime, he renewed his motion for a separate trial.

It is clear from the foregoing that there was hostility between the two defendants, and that their defenses to the crime were antagonistic and incompatible. In the case of *People* v. *Lindsay,* 412 Ill. 472, the following statement was made by this court: "where a motion for separate trial is made on the ground of confessions of others implicating the defendant making the motion, a severance should be ordered unless the State's Attorney declares that the confessions or admissions will not be offered in evidence on the trial or unless there be eliminated from the confessions any reference to the complaining defendant."

The State did make some pretense of complying with the above rule by deleting from the Vance statement some matters which it recognized as improper. The State also, in order to further comply with the language used in the above case, substituted throughout the statement the word "Blank" for the name of the defendant Johnson before the Vance statement was admitted in evidence.

A situation analogous to that in the above case occurred in the case of *People* v. *Hodson,* 406 Ill. 328, when as here the statement of one defendant implicated his codefendant. There the letter "A" was substituted and used in lieu of the name of the codefendant. In said case this court said: "The mere substitution of a letter of the alphabet in place of plaintiff in error's name, under the circumstances, * * * could not have deceived anyone as to

the identity of the person mentioned in the confessions of Hodson's codefendants."

The same situation exists here. In spite of the deletions made in the statement of Vance and also of the substitution of the word "Blank" for the name of the defendant Johnson here, there still remained in such statement sufficient identifying material to advise the jury that the person "Blank" was none other than the defendant Johnson. The statement also disclosed that the person "Blank" was the person that Vance denied knowing at the Provident hospital and which other testimony shows to have been Johnson.

The State contends further that it was not error to admit the statement of Vance because the court in its instructions stated to the jury that the Vance statement was admitted only as against the defendant Vance and not as against the defendant Johnson. This contention of the State was considered by this court in the case of *People* v. *Skelly,* 409 Ill. 613 at 621. In commenting thereupon this court made the following statement: "* * * such admission or confession can be admitted against the one who made it with instructions to the jury that it is only admitted against that one defendant and is not to be considered as evidence against his codefendant. * * * But where it can be done, without weakening the effect of the confession against the one who made it, all reference to the codefendant should be deleted from the confession before it is heard by the jury. * * * Defendant's name and *all identifying matters should be deleted* * * * and where he is positively identified with that confession, an instruction to the jury to consider it as evidence only against the confessor does not protect him from the prejudicial effects thereof. It is practically impossible for the average juror to divest his mind of such testimony regardless of such instruction." (Italics added.)

We are of the opinion that the admission in evidence of the statement of the defendant Vance, in the joint trial of Johnson and Vance, was harmful as to Johnson in spite of the deletions made by order of court in said statement and of the instruction given to the jury by the court. The motions of Johnson for severance should have been granted. The failure to do so was prejudicial error and the judgment is reversed and the cause remanded to the criminal court of Cook County for a new trial. It is therefore unnecessary to consider any of the other assignments of error.

*Reversed and remanded.*