NICOLÁS REYES, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, BALDOMERO FREYRE, JUDGE, Respondent.

No. 2865. Decided November 24, 1961.

*Angel Viera Martínez, Augusto Burgos Mundo,* and *Raúl Torres González* for petitioner. *J. B. Fernández Badillo, Solicitor General,* and *Genoveva R. Carrera, Assistant Solicitor General,* for respondent.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

Mr. Justice Dávila delivered the opinion of the Court.

The petitioner, a State policeman, was charged jointly with another fellow worker with the offense of bribery. The case having been set for trial, the petitioner moved for a separate trial. The trial judge denied the petition and he appealed to this Court by certiorari to review such action.

The motion for a separate trial alleges that the codefendant made a confession wherein he makes reference to the petitioner as having received part of the money with which he was allegedly bribed. The district attorney proposes to offer the said confession in evidence. He contends that since

the confession against the codefendant is admissible, and it being inadmissible against him because he did not have an opportunity to cross-examine the declarant, *People* v. *Casanova*, 77 P.R.R. 690 (1954), it would prejudice him when it is offered at the trial, if a joint trial were held, thereby affecting his right to a fair and impartial trial, for the jury would no doubt have in mind during the entire proceeding of deliberation the allusion made to him in the confession.

Section 238 of the Code of Criminal Procedure, 34 L.P.R.A. § 717, provides that:

"When two or more defendants have been jointly charged with any public offense they shall be tried jointly unless the court shall direct separate trials. . . ."

In denying the motion the trial judge stated that he did so "in the belief that until this moment the case law of the Supreme Court and of a majority of the United States jurisdictions, in a situation such as this—proper instructions to the jury, if tried by a jury—hold that those statements may be used only against the confessor and not against the codefendant. The interests of the defendant who did not appear or did not make those statements are safeguarded."

In support of the order appealed from, the Solicitor contends that the granting of a separate trial is discretionary with the trial court. He maintains that the statutory provisions quoted above so establishes, and that since in California, from which it was taken, it was amended in 1921 in the same terms as our provision in 1950, the interpretation placed in that state is compulsory in this jurisdiction. He maintains further that in California it has been invariably held that a court which denies a separate trial under the circumstances in the case at bar does not abuse its discretion.

█ We stated recently that the rule invoked by the Solicitor is not so inflexible as to bind us to follow blindly

the decisions of the courts of those jurisdictions from which our statutory provisions are taken. *People* v. *Matos*, 83 P.R.R. 323 (1961), and *Belaval* v. *Secretary of the Treasury*, 83 P.R.R. 244 (1961).

But the fact is that in this case the issue is not one of statutory construction. The question involved is the manner of exercising the discretion that has been conferred by law to the judge. Obviously, in this case we do not feel bound by the manner in which the judges have exercised that discretion in California. We believe it is the duty of the Puerto Rican judges to exercise that discretion in such manner as will best guarantee a fair and impartial trial to every person charged with a public offense, inspired on the basic principles of liberty and justice consecrated in our Constitution and our democratic tradition. There are differences in the appreciation of what is meant by a fair trial. We must not overlook the fact that in California the defendant's silence may be commented upon if he chooses not to testify at the trial. Cal. Const. Art. I, § 13, and *Adamson* v. *California*, 332 U.S. 46 (1947), while in Puerto Rico any comment on the defendant's silence is proscribed. Constitution of Puerto Rico, Art. II, § 11.

In *People* v. *Meléndez*, 80 P.R.R. 759, 760 (1958), footnote 2, we said that "The granting of a separate trial rests with the sound discretion of the court—§ 238 of the Code of Criminal Procedure (34 L.P.R.A. § 717); *People* v. *Muñiz*, 77 P.R.R. 808, 810 (1955); *People* v. *Ortiz*, 76 P.R.R. 241, 247 (1954); *People* v. *Clemente*, 35 P.R.R. 575 (1926); *People* v. *Arrocho*, 34 P.R.R. 809 (1926), affirmed in 16 F.2d 90, *cert denied*, 273 U.S. 760 (1926). Nevertheless, in several American jurisdictions, and interpreting provisions similar to ours, where one of several defendants jointly indicted has made admissions or confessions implicating others, a severance must be ordered, unless the dis-

trict attorney declares that such admissions or confessions will not be offered in evidence. Other courts of appeal have refused to accept that ruling, adopting the principle that the court can clear the situation satisfactorily by giving proper instructions to the jury."

In *Meléndez* we pointed out the problem. We turn now to consider it. Since 1663 it was believed that the solution consisted in admitting the confession which incriminated the confessor, but that the jury should be instructed to disregard such evidence against the nonconfessing codefendant who had been alluded to in the confession. Bouchard, *Admission of Post-Conspiracy Confession at a Joint Trial*, 37 B.U.L. Rev. 258 (1957). Although this norm is adhered to by a majority of jurisdictions, Annotation, *Right to Severance Where Codefendant Has Incriminated Himself*, 54 A.L.R.2d 830 (1955), it has been severely criticized as not being realistic and in the belief that it is humanly impossible for the jury to forget the allusion made in the confession against the codefendant. In this connection, see the dissenting opinions in the following cases. *Delli Paoli* v. *United States*, 352 U.S. 232, 246 (1957); *United States* v. *Paoli*, 229 F.2d 319, 322 (2d Cir. 1956); *United States* v. *Grunewald*, 233 F.2d 556, 571 (2d Cir. 1956), and the following comments: Notes 43 Cornell L. Q. 128 (1957); 23 Brooklyn L. Rev. 314 (1957); 27 U. Cinc. L. Rev. 334 (1957); 10 Vand. L. Rev. 859 (1957); 37 B.U.L. Rev. 258 (1957); 25 Notre Dame Law 565 (1950); 56 Colum. L. Rev. 1112 (1956).

It is interesting to indicate that a research made by the University of Chicago Law School tended to support the critics' contentions that the instructions of the presiding judge to disregard the portion of the confession which incriminates the codefendant is not sufficient guarantee that he is having a fair trial, as required by the Constitution,

and that the instructions only serve to make the forbidden evidence weigh more heavily in the jurors' minds. Note 24 U. Chi. L. Rev. 710 (1957).[1]

It has also been suggested that every allusion to the co-defendant be omitted from the confession admitted in evidence. 7 Wigmore, Evidence § 2100 (3d ed. 1940). But, obviously, this is not a proper solution, since most of the times from the whole of the context of the confession it clearly appears that the reference omitted touches on the non-confessing defendant. It is believed that a fair trial is not thereby guaranteed. *People* v. *Johnson*, 150 N.E.2d 597 (Ill. 1958). *Cf. People* v. *Aponte*, 83 P.R.R. 491 (1961).

*Delli Paoli* v. *United States*, 352 U.S. 232 (1957), is the last case in which the Federal Supreme Court has considered the problem before us. The majority—the Court was divided 5 to 4 and to this date two justices of the majority have ceased in their offices—stated that under the circumstances of that case the admission of codefendant's confession which incriminated him was not error against the petitioner. The circumstances were the following: (1) that the facts were so simple that the part of each defendant in the conspiracy was easily understood; (2) that the individual and separate interests of each defendant were emphasized throughout the trial; (3) that no separate trial was requested on behalf of any defendant; (4) that the introduction of the confession was postponed until the rest of the Government's evidence was in, thus making it easier to consider that evidence separately from the other evidence, and that

---

[1] Such was the evidence. Thirty persons were selected to serve as jurors. In ten of the cases submitted the defendant revealed that he had no liability insurance. In these cases the mean award was $33,000. In another ten cases the defendant revealed that he carried insurance, but objection was not taken and the mean award was $37,000. In the remaining ten cases the defendant revealed that he carried insurance, but this statement was objected to and the jurors were instructed to disregard the fact that the defendant carried liability insurance. In these ten cases the mean award was $46,000. See *United States* v. *Grunewald, supra,* dissenting opinion.

after the presentation of the confession neither side thereafter introduced any evidence; (5) that the confession merely corroborated what the State's evidence had already established; and (6) that there was nothing in the record indicating that the jury was confused or that it failed to follow the court's clear and specific instructions on the question. Despite the foregoing, four justices dissented vigorously.

Subsequent to the opinion in *Delli Paoli*, the Court of Appeals for the Fifth Circuit in *Barton* v. *United States*, 263 F.2d 894 (1959), stated as follows in reversing a case in which the nonconfessing codefendant moved for a separate trial prior thereto, which the district court denied:

"The Government relies upon the familiar principle that, under Rule 14, Federal Rules of Criminal Procedure, the district court has a discretion to grant or deny a severance of defendants, and that its ruling is subject to review only for abuse of discretion.

"We have quoted the main body of Barton's statement in footnote 2, *supra*. It accused Mitchell of being the instigator or of acting with Barton in every detail of the commission of each offense. It would be impossible to eliminate from the statement the parts prejudicial to Mitchell and no such attempt was made. The sole reliance for Mitchell's protection was the court's instruction to the jury, several times repeated, not to treat the statement as evidence against Mitchell. Considering the substance and terms of Barton's statement, we doubt whether it was at all possible to carry out that instruction. To do so certainly would require twelve minds more perfectly disciplined than those of the average human jurors.

"Unlesss that admonition was effective, then Mitchell has been deprived of his constitutional right to be confronted with the witnesses against him, for he has been afforded no opportunity to cross-examine Barton as to the truthfulness of his many accusatory statements.

"A few of the States grant a right of separate trial to every defendant in a criminal case, and several other States have liberal rules for the granting of severance in order to assure a fair trial to each defendant. The federal courts retain the

discretionary rule expressed in Rule 14, Federal Rules of Criminal Procedure, quoted in footnote 3, *supra,* but they must nonetheless be alert to accord to every defendant a completely fair trial. For reasons which have been adequately expressed in *Schaffer* v. *United States,* 5 Cir., 1955, 221 F.2d 17, 19, 54 A.L.R.2d 820, we hold that the district court abused its discretion in denying the appellant Mitchell a separate trial."

See, to the same effect, the following cases: *Schaffer* v. *United States,* 221 F.2d 17, 54 A.L.R.2d 820 (5th Cir. 1955); *United States* v. *Haupt,* 136 F.2d 661 (7th Cir. 1943); *Hale* v. *United States,* 25 F.2d 430 (8th Cir. 1928); *People* v. *Wargo,* 268 N.Y. Supp. 400 (1933); *State* v. *Desroche,* 17 So. 209 (La. 1895); *Day* v. *State,* 76 A.2d 729 (Md. 1950); *State* v. *Bonner,* 23 S.E.2d 45 (N.C. 1942); *Stallard* v. *State,* 215 S.W.2d 807 (Tenn. 1948).

From the note appearing in 43 Cornell L.Q., *supra* at 134, we quote:

" . . . Criminal procedure should be concerned with discovering guilt where it exists and also with safeguarding the innocent from wrongful conviction. Rules of procedure and evidence which establish certain rights for an accused were designed to protect the innocent and not to provide an avenue of escape for the guilty. Nevertheless, it should be borne in mind that, if because of the likelihood of guilt we follow questionable procedure to convict a defendant today, tomorrow we may be faced with the precedent of the previous day for stripping an innocent defendant in a criminal action of the protection to which he is entitled. Due process requirements may be satisfied by leaving a defendant's fate in the hands of a presumably conscientious jury duly instructed. An accused may, however, be entitled to greater protection than that guaranteed him by the Constitution. Extraneous evidence, inadmissible against him were he tried alone, should not, when he is tried with others, be permitted to cloud a jury's judgment. Provisions for a separate trial of the non-confessing defendant would afford the Government every legitimate opportunity to introduce what evidence it has while at the same time protecting the defendant against the effects of implication in confessions which he has no opportunity to rebut by cross examination."

▇ In view of the foregoing, and inasmuch as it should be the norm of every court that justice should always have precedence over all precedents, it seems fair and reasonable to hold separate trials in those cases in which one of the defendants has made a confession which affects codefendant adversely. Thus, it should be the norm of the trial courts to examine the declaration which the district attorney proposes to introduce and determine whether the allusion made therein to the codefendant would affect him adversely, and at the same time ask themselves: Does a separate trial guarantee to the defendant a fairer and more impartial trial than if he were tried jointly? If the answer is in the affirmative, discretion should be exercised by granting a separate trial. *People* v. *Clark,* 162 N.E.2d 413 (Ill. 1959); *People* v. *Sweetin,* 156 N.E. 354 (Ill. 1927); *State* v. *Hall,* 151 A.2d 1 (N.J. 1959); Note, 10 Vand. L. Rev., *supra;* Levie, *Hearsay and Conspiracy,* 52 Mich. L. Rev. 1159, 1178 (1954); Note, 56 Colum. L. Rev., *supra;* Note, 2 Vill. L. Rev. 131 (1956).

▇ We should not be remiss to repeat, merely on the grounds that it has been said before on innumerable occasions, that one of the most precious rights of a citizen in our community is that, when accused of a crime, he shall be tried under such circumstances as to insure that the trial shall be surrounded by all the guarantees to make a fair trial possible.

▇ The argument adduced at times against the rule which we now adopt to the effect that it would be more costly for the State to hold more than one trial should not detain us in our endeavor to guarantee full justice. In the alternative to choose between a less costly administration of justice and the right of a defendant to a fair trial, the choice is obvious. The liberty and rights which such choice entails are not determined by pecuniary considerations. As stated by Judge Lehman in his dissent in *People* v. *Fisher,* 164 N.E. 336, 339

(1928), in which the same question under consideration in this case was raised:

" . . . No considerations of expense to the state, inconvenience to witness and public authorities, or even of delay in punishment of the guilty can justify a procedure which results in serious impairment of the rights of an accused to a fair consideration by an impartial jury of the competent testimony produced against him.

" . . . We secure greater speed, economy, and convenience in the administration of the law at the price of fundamental principles of constitutional liberty. That price is too high. Our ideal is that justice should be swift and certain. Human justice is still far from that ideal; and sometimes I feel that a proper zeal to destroy technicalities and achieve a more efficient administration of justice leads us to disregard fundamental principles and guaranties."

Having examined the sworn statements made by the codefendant according to which he delivered a certain amount of money to the petitioner, by virtue of which he is directly connected with the offense of bribery with which he is charged, and in view of the principles enunciated hereinabove, justice would be better served if the judge would exercise the discretion invested in him by law and grant the separate trial requested.[2]

The order appealed from will be reversed.

---

[2] Rule 91 of the Rules of Criminal Procedure, adopted by this Court and submitted to the Legislative Assembly in January of this year, provides:

"At the request of a codefendant, the court shall order a separate trial when several persons are accused and one of them shall have made declarations, admissions or confessions pertinent to the case which might affect said codefendant adversely, unless the prosecuting attorney announces that he will not offer in evidence said declarations, admissions or confessions, nor shall he make, in any manner whatsoever, reference thereto during the trial.

"This Rule shall not be applicable to a trial for the offense of conspiracy."