THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FLOYD BROWN *et al.*, Defendants-Appellants.

(No. 11514;

Fourth District—October 25, 1972.

*Rehearing denied November 16, 1972.*

John F. McNichols, of Defender Project, of Springfield, (Bruce L. Herr, of counsel,) for appellants.

Basil G. Greanias, State's Attorney, of Decatur, (James R. Coryell, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendants-Appellants Floyd Brown and George Minter were jointly indicted for the crime of theft over $150. No motion for severance was made. The jury returned a verdict of guilty as to each defendant. The defendants received identical sentences of four to ten years. Both defendants were represented by the Public Defender.

The property in question was cash taken from a drawer located in an office near the rear of Good's Furniture Store in Decatur, Illinois. Judy Caylor, a bookkeeper testified that on the day of the incident, at about 5:45 P.M., one Lance Walker came into the store, asked for a job and was told none was available. Walker then left. A couple of minutes later, while Caylor was talking to Nancy Askins, another employee, she heard the back door of the store being opened, and the defendants Brown and Minter entered. They asked if they could submit job applications, but were told that no jobs were available. The defendants started to leave, Caylor turned to resume her conversation with Nancy Askins, heard the back door being shut and then heard it being closed a second time. Askins looked, saw that no one else had entered the door, ran to the office and

observed that the money from the cash drawer was gone. She never saw Walker, Brown or Minter enter or leave the office and never saw Brown or Minter leave the store either singly or together. None of the money was ever recovered. Caylor and Askins ran to the rear door and saw three boys walking, Askins shouted and all three ran. Caylor testified that Walker did not take the money because she saw him leave the store.

Mrs. Askins' testimony corroborated that of Caylor but added that two of the subjects whom she saw in the alley, and who ran when she shouted, were defendants Brown and Minter.

Officer Joseph M. Meyers was then called as a witness for the People. He testified that he had investigated the theft at Good's Furniture Store and four days following the occurrence had interviewed defendant Brown, that he had advised Brown of his *"Miranda"* rights, and that Brown then gave the following oral statement: he had accompanied Walker to Good's Store on the day in question where they entered by the rear door. After inquiring about a job he (Brown) left the store where he noticed the defendant Minter peering into the store through a window. He spoke to Minter and proceeded down the alley. Shortly thereafter Brown heard Askins shout, saw Minter and Walker running towards him and saw money in Walker's hand. Brown then ran. Brown also stated that the following day Minter and Walker offered him $40 of the proceeds of the theft and told him to keep quiet about the affair, but that he refused to accept the money. The defendant Minter was not present during the questioning of Brown by Officer Meyers.

There was no objection by defense counsel to the admissibility of any of Officer Meyers' testimony at this time. *The thrust of the oral statement of Brown,* as testified to by Officer Meyers, is clear. Since it exculpates Brown it could only have been offered by the People for the purpose of inculpating Minter, which it clearly does. It places Minter at the scene, he flees the scene with Walker who has the money, and the following day Minter, with Walker, tells Brown to keep quiet and offers to give him (Brown) part of the proceeds of the theft. There was no objection by defense counsel as to the admissibility of this evidence at the time it was offered.

The People then called Officer Jack Coventry of the Decatur Police Department. Coventry testified that on September 17th he had interviewed the defendant Minter after giving him the customary warnings. Coventry and Minter were alone at the time of the interview. At this juncture defense counsel objected stating that Coventry was about to testify to statements made by Minter concerning Brown's activities on the date in question. He urged that this would be hearsay since it would consist of statements made outside of Brown's presence. Defense coun-

sel added that he had not known the contents of Brown's oral statement until it was testified to by Officer Meyers and that had he known its contents he would have objected to Meyers' testimony on the same grounds. The State's Attorney argued that Brown's statement about Minter was already in evidence and that he proposed to show Minter's statement which would show his (Minter's) involvement and "* * * which will show the involvement of Brown." At this point the trial judge obviously was aware of the problem which had been created by the introduction of Officer Meyers' testimony and cautioned counsel that if Minter's written statement which the State's Attorney proposed to introduce into evidence, inculpated Brown that the statement was inadmissible.

Defendant's counsel then stated, for the first time, an objection to the conversation between Officer Meyers and Brown "and move that the jury be instructed to disregard any portion of that conversation relating to the defendant Minter, and state as a basis therefore the same basis that I said with respect to the written statement of George Minter." This objection and the court's response was made outside the presence of the jury. The court's response was as follows:

> "The objection comes too late to prevent it. The Court as to a motion would inform the jury that they are to consider it only as to the defendant making it, making the statement, and as to no one else, and give an instruction as to it, 3.08, saying admission, statement is to be considered only as to the jury making it and not as to anyone else. I think that's all that can be done at this point, isn't it, Mr. Davis?" To which defendant's counsel responded "Yes, Your Honor".

It seems to be a fair construction of the court's response that he was saying the objection came too late to avoid the impact which Meyers' testimony would have upon the jury but that he would, in response to the motion, orally state to the jury that they were to consider the statement only as it applied to Brown himself and that he would also, at the close of the trial, give I.P.I. Criminal Instruction 3.08. Considerable more argument and conversation was had outside the presence of the jury and when the jury was returned to the court room the trial judge did not give the oral admonishment, nor was he again asked to do so. Defense counsel made no motion for a mistrial. Considerable discussion ensued concerning the written statement which Minter had given to Officer Coventry. The State's Attorney insisted that he had a right to introduce the statement and defense counsel stated that he had no objection to the statement being introduced into evidence provided Brown's name was stricken from the statement wherever it appeared. This was done and the statement was then introduced in evidence. It reads as follows and

the indicated omission of a word is where the name of Brown appeared in the original statement.

"I was at Sonny's pool hall when Lance Walker came in. I was talking with my father when Lance left with  *  *  *. I left the pool hall about 15 minutes later and I walked past the YMCA and then I walked past Good's furniture and looked inside, but I didn't see anybody. I then walked behinds Goods in the alley, about two stores down from Goods. I then saw a lady come to the rear door of Goods and yell, hey come back here, help, help. I then saw Lance Walker and  *  *  *  at the rear of Goods, about 20 feet from me. They ran one way from the store at this time, and I ran the other. I met them at Sonny's pool hall on South Church, about a half hour later, and Lance gave me $25.00. Both  *  *  * and Lance told me that they were giving me the $25.00 for me to keep my mouth shut."

When this exhibit was offered into evidence, the court inquired of defense counsel if he had any objection and counsel responded "no objection" and cross-examined, about the taking of the statement. At the conclusion of the cross-examination, the State's Attorney asked that the statement be read to the jury. The trial judge *again* inquired of defense counsel if he had any objection and again received a negative answer. The State's Attorney then read the statement to the jury omitting the name of Brown wherever it occurred in the statement. At this juncture the People rested.

■■ The admission of the contents of the oral statement made by the defendant Brown to Officer Meyers was inculpatory as to Minter and had been given outside the presence of Minter.

"No man can confess to a crime for anyone but himself. (*People v. Rupert*, 316 Ill. 38.) Because of this simple and just rule the law is well settled that confessions or admissions of a co-defendant, or those of a witness against an accused, are not admissible in evidence against such accused unless made in his presence and assented to by him."

*People v. Tunstall*, 17 Ill.2d 160, 166, 161 N.E.2d 300.

■■ The written statement of Minter, exculpating as to him, and inculpating as to Brown was inadmissible for the same reason. It cannot be argued that the omission of Brown's name left any doubt as to whom Minter was referring. The testimony of Caylor and Askins referred to three individuals: Brown, Walker and Minter. Minter gave the written statement, it was presented to the jury with the name of Walker included and the omitted name could only have been that of Brown. Under these

circumstances the fact was clearly discernible to the jury and constituted error. See *People v. Johnson,* 13 Ill.2d 619, 150 N.E.2d 597.

■■ Lance Walker was called as a defense witness. It appears that he had previously been committed to the Department of Corrections, Juvenile Division, and that his commitment resulted from his involvement in this incident. Walker testified that he knew the defendant Brown and that on the date in question, he and Brown went to Good's Furniture Store together, that Brown asked for a job, was told none was available, that Brown then left the store but that he, (Walker) remained and stole the money. On cross-examination Walker was asked if he had given a signed statement to Detective Coventry which implicated Brown and he answered that he had but that he lied when he gave the statement. Detective Coventry was called by the People in rebuttal, identified the written statement taken from Walker. The statement was introduced into evidence and the word "blank" was substituted for defendant Brown's name and the statement was then read to the jury who were cautioned that it was offered for purposes of impeachment of Walker. No objection was made by defendants' counsel. In view of Walker's testimony on direct examination and on cross-examination, the jury was clearly able to discern to whom Walker was referring in the statement, and the admission of Walker's statement was error, and for precisely the same reason that it was error to admit the statements of Brown and Minter. The fact that Walker's statement was introduced under the guise of impeachment does not render the inculpation of Brown admissible. *People v. Tunstall,* 17 Ill.2d 160, 166, 161 N.E.2d 300; *People v. Childress,* 1 Ill.2d 431, 115 N.E.2d 794.

■■ The admission of the pretrial statements of Brown, Minter and Walker was error induced by the People and, to a large degree, acquiesced in by defendant's counsel, which latter circumstance does not render the error harmless. (*People v. Bell,* 61 Ill.App.2d 224, 209 N.E.2d 366.) This evidence was highly prejudicial and its impact heightened by repetition. In view of the prosecution's total case we cannot say that the evidence was merely cumulative or of peripheral significance. We therefore reverse the judgments and remand for new trial.

Judgments reversed and cause remanded for new trial.

CRAVEN, P. J., and SMITH, J., concur.