Burke, J.
On April 20, 1959 the defendant, Jackson, shortly after he had been released in the custody of his attorney by the Buffalo, New York, police, was arrested at his home. The next day at about 9:30 a.m. he was arraigned on a vagrancy charge. After being questioned on two separate occasions on the 21st, Jackson was placed in a cell for the night. In the next cell was a man named Bradley who was acquainted with Jackson. During the course of a conversation between the two men, Jackson made damaging statements concerning a robbery and homicide which were admitted at the trial over the objection of defendant’s counsel.
Jackson was arraigned on the charge of murder in the first degree on April 22. Thereafter on the morning of April 23, Bradley pursuant to a plan conceived by the police on the evening of April 21 again engaged Jackson in a conversation which was overheard by the police. These statements of Jackson, although not introduced at the trial, divulged the place where guns had been concealed.
On April 25 the police, without a search warrant, searched the attic of the house where Jackson resided and found the guns concealed in the location mentioned by Jackson to Bradley. According to the testimony of police officers a prior search was conducted on April 21 which led them to believe the guns were not in the attic. It is evident that until they overheard Jackson’s admissions on April 23 they did not know of the hiding-place of the guns.
Defendant Jackson’s conviction rests largely upon the statements and the possession of the guns.
The admission, therefore, by the trial court of such evidence was highly prejudicial to the defendant and constitutes reversible error.
*301 All postarraignment statements made in the absence of counsel are inadmissible. (People v. Meyer, 11 N Y 2d 162; People v. Davis, 13 N Y 2d 690.) Where, as here, the arraignment on a vagrancy charge is merely a sham (People v. Davis, supra) the admissions are excluded because they were made during a period when the detention was merely a pretext for holding the defendant in connection with the investigation of the homicide.
As to the use of the guns unearthed in the attic of the house where Jackson resided, we are compelled by decisions of the United States Supreme Court to apply the rule that, if the evidence to which objection is made was acquired by exploitation of the primary illegality, such evidence must also be excluded. (Wong Sun v. United States, 371 U. S. 471, 488; see, also, Mapp v. Ohio, 367 U. S. 643; Silverthorne Lbr. Co. v. United States, 251 U. S. 385, 392; Nardone v. United States, 308 U. S. 338, 340-341.) The guns were the “fruit” of the inadmissible incriminating statements made to Bradley which led to the search without a warrant. (Cf. People v. Rodriguez, 11 N Y 2d 279, 286; Wong Sun v. United States, 371 U. S. 471, 487 — 488, supra; see United States v. Paroutian, 299 F. 2d, 486 [2d Cir., 1962].) Under the circumstances, it is incumbent upon the District Attorney to show that the location of the guns was discovered through a source untainted by the admissions. Instead, the record reflects that, prior to the making of these admissions, the police had not found the guns in the attic, which they had searched, they had made no further plans to search the attic again, the successful search without a warrant did not take place until after the admissions were made, and use was made of the admissions in locating the exact hiding place.
Since there is to be a new trial, it is unnecessary to dwell upon other errors which deprived the defendants of a fair trial, as simple references will suffice. Although this court has repeatedly held that the silence of a defendant cannot be disclosed to a jury (People v. Bianculli, 9 N Y 2d 468; People v. Travata, 309 N. Y. 382, 386; People v. Rutigliano, 261 N. Y. 103, 107; People v. Abel, 298 N. Y. 333), the trial court allowed the prosecution over objection to make several references to Jackson’s refusal to answer the questions of the police. Upon the retrial, we assume, the trial court will redact the confession *302 of Robinson so as to eliminate all reference to Jackson, properly charge the jury on the burden of proof as to the voluntariness of the alleged confession given by Robinson, keep the prosecutor’s summation within bounds and take adequate measures to safeguard the defendants from prejudice when testimony from previous trials is read.
Where, as here, the codefendant Robinson was, charged with acting in concert with Jackson and the prejudice engendered by admission of tainted evidence and the unseemly summation necessarily affected both defendants, there must also be a reversal of Robinson’s conviction in the interests of justice.
The judgments of conviction should be reversed, and a new trial ordered.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Foster and Soileppi concur.
Judgments of conviction reversed, etc.