THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. JOHN PAUL YOUNG, DEFENDANT-RESPONDENT.

Decided December 20, 1965.

*Mr. Michael R. Imbriani,* Deputy Attorney General, argued the cause for the appellant (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney; *Mr. Michael R. Imbriani* on the brief).

*Mr. John W. Fritz* argued the cause for the respondent.

The opinion of the court was delivered by

PROCTOR, J. John Paul Young and a codefendant, Charles Henry Williams, were tried jointly and convicted of armed robbery before a jury in the Somerset County Court. Only Young appealed. The Appellate Division reversed his conviction because the trial court failed to excise certain references to Young in a confession made by Williams to the

police and admitted into evidence at the trial. *State v. Young,* 86 *N. J. Super.* 262 (1965). We granted the State's petition for certification. 44 *N. J.* 397 (1965).

The State's principal witness was Haywood I. Washington, an employee of the Veterans Hospital at Lyons, New Jersey. He testified that on March 14, 1962, he drove to a bank in Basking Ridge to cash pay checks for himself and 26 of his fellow employees. After cashing the checks he returned to his automobile and laid the bag containing the money on the front seat. At that time another car with three occupants pulled alongside his parked car. One of the three men jumped out, opened the door of Washington's car, pointed a gun at him and demanded the bag of money. Washington submitted and surrendered the bag containing approximately $3,000. He identified Young as the man who threatened him with the gun and took the money, but was unable to recognize the other two occupants of the car.

Young denied his participation in the crime and testified that he was with his girl friend in Orange, New Jersey, at the time of the robbery. His girl friend and her father gave testimony supporting Young's claim.

The State's evidence against Williams consisted primarily of a signed confession given to the police shortly after he was arrested. It named Young and one "Uncle" (who was not apprehended at the time of the trial) as his confederates and contained several references to Young's alleged participation in the robbery.

At the trial Williams recanted his confession alleging that it was coerced, but after a hearing on the issue of voluntariness the trial judge permitted the State to introduce it into evidence. Williams later testified on his own behalf and denied being in Basking Ridge on the day of the robbery.

When the State offered Williams' confession into evidence, Young's attorney requested the court to delete from the confession all references to his client. This motion was denied. At the time the confession was placed in evidence, the judge did instruct the jury that it was in no way evidential against

Young and had probative value only against Williams, and this warning was repeated during the trial and in the judge's charge. When the jury retired to deliberate they took with them Williams' unedited confession.

The sole issue for our determination on this appeal is whether it was reversible error for the trial judge to deny Young's motion to have all references to him excised from Williams' confession prior to its admission into evidence.

It is, of course, beyond dispute that the out-of-court confession of Williams was inadmissible against Young. *Delli Paoli v. United States,* 352 *U. S.* 232, 77 *S. Ct.* 294, 1 *L. Ed.* 2d 278, 282–283 (1957). The inadmissibility is predicated upon the rule prohibiting hearsay and upon the fundamental right of every defendant to confront the witnesses against him. *State v. Blanchard,* 44 *N. J.* 195, 198 (1965). Nevertheless, it is recognized that the proper administration of criminal justice at times requires that two or more defendants be tried jointly. Our rules permitting joint trials, *R. R.* 3 :4–8 and *R. R.* 3 :5–6, are borrowed from the Federal Rules of Criminal Procedure, 18 *U. S. C. A.,* and represent an adjustment of conflicting considerations. *State v. Manney,* 26 *N. J.* 362, 366 (1958). *Manney* quoted with approval from *Daley v. United States,* 231 *F. 2d* 123, 125 (1 *Cir.*), *cert.* denied 351 *U. S.* 964, 76 *S. Ct.* 1028, 100 *L. Ed.* 1484 (1956) : "The rules are designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of defendants to a fair trial." *State v. Manney,* *supra,* at *p.* 366.

It has long been recognized, however, that the admission of one defendant's confession in a joint trial has the potentiality for prejudice to other defendants implicated by that confession. *State v. Blanchard, supra,* at *p.* 198; *State v. Tassiello,* 39 *N. J.* 282, 296 (1963) ; Note, 72 *Harv. L. Rev.* 920, 989–990 (1959) ; Note, 56 *Colum. L. Rev.* 1112 (1956). When Williams' confession was admitted into evidence, the trial court instructed the jury that the confession had eviden-

tial value solely against Williams. The State contends that this instruction, which was repeated in the court's charge, sufficiently safeguarded Young's right to a fair trial. We disagree. Not only is there a grave question as to the efficacy of this type of instruction in guiding the jury's deliberations,[1] but, wherever there is a potentiality for prejudice in a criminal trial, our courts should take all reasonable measures to protect those defendants whose rights are endangered. Therefore, we hold that where a defendant moves to eliminate all references to himself from a codefendant's statement which the prosecution proposes to place in evidence, the trial court must grant such motion.

Editing the statement of one defendant to remove references to a codefendant is an approved protective measure in New York, Illinois and California as well as in the federal courts. *Malinski v. People of State of New York*, 324 *U. S.* 401, 65 *S. Ct.* 781, 89 *L. Ed.* 1029 (1945), affirming *People v. Malinski*, 292 *N. Y.* 360, 55 *N. E. 2d* 353 (*Ct. App.* 1944) ; *People v. Vitagliano*, 15 *N. Y. 2d* 360, 258 *N. Y. S. 2d* 839, 206 *N. E. 2d* 864 (*Ct. App.* 1965) ; *People v. Robinson*, 13 *N. Y. 2d* 296, 246 *N. Y. S. 2d* 623, 196 *N. E. 2d* 261 (*Ct. App.* 1963) ; *People v. Skelly*, 409 *Ill.* 613, 100 *N. E. 2d* 915 (*Sup. Ct.* 1951) ; *People v. Aranda, Cal.*, 47 *Cal. Rptr.* 353, 407 *P. 2d* 265 (*Sup. Ct.* 1965) ; *Oliver v. United States*, 118 *U. S. App. D. C.* 302, 335 *F. 2d* 724 (*D. C. Cir.* 1964), *cert.* denied 379 *U. S.* 980, 85 *S. Ct.* 686, 13 *L. Ed. 2d* 571 (1965) ; *Kramer v. United States*, 115 *U. S. App. D. C.* 50, 317 *F. 2d* 114 (*D. C. Cir.* 1963). As was said in *Kramer*: "The better rule is that when deletion of the hearsay reference to a co-

---

[1] In fact, many judges believe that the admission of a codefendant's confession which inculpates the defendant creates prejudice which no limiting instructions, no matter how frequently or forcefully given, can erase from the minds of the jurors. For example, Judge Learned Hand in *Nash v. United States*, 54 *F. 2d* 1006, 1007 (2 *Cir.* 1932), referred to such instructions as "[T]he recommendation to the jury of a mental gymnastic which is beyond, not only their powers, but anybody's else." See cases collected in *State v. Blanchard*, 44 *N. J.* 195, 198 (1965), at footnote 1.

defendant is feasible * * * an instruction by the court that the jury disregard the reference is not an adequate substitute for deletion." *Id.*, at *p.* 117. See Note, 29 *Brooklyn L. Rev.* 334 (1963). See also *State v. Ravenell*, 43 *N. J.* 171, 183 (1964), in which this court sustained the conviction of the defendant where the trial judge deleted all references to him from the statement of a codefendant.

In contending that the trial court's cautionary instructions were sufficient to protect Young's rights, the State relies on *State v. Rios*, 17 *N. J.* 572 (1955), *State v. Murray*, 33 *N. J.* 393 (1960), and *State v. Tassiello, supra.* In none of those cases did the court decide the issue here presented. In *Rios*, the defendants had moved for severance and this court held only that the trial judge did not abuse his discretion in denying the motions. *State v. Rios, supra*, at *p.* 585. In *Murray*, the defendant on appeal argued that his name should have been expunged from the statement of his codefendant before it was put in evidence. However, unlike the present case, the defendant there made no such motion when the statement was offered. *State v. Murray, supra*, at *p.* 397. *Tassiello* did not involve an effort by a defendant to have references to his name deleted from a codefendant's statement. Indeed, the determinative factor in that case was the nonvoluntary character of the confession in question. *State v. Tassiello, supra*, at *p.* 299.

█ We conclude that the trial court erred in denying the motion to remove from Williams' confession the inculpatory references to Young. Since the identity of the robber who brandished the gun and took the money was sharply disputed, the trial court's error created a substantial potentiality for prejudice. Therefore, Young's conviction must be reversed and the cause remanded for a new trial.

 In the present case the question of deletion did not arise until after the trial had commenced. However, we feel that in the future the orderly administration of criminal justice will be facilitated if the following procedure is adopted. When two or more defendants are indicted for the same offense

and the prosecution intends to use a confession of one defendant implicating his codefendants, the problems relating to the proper use of that confession should be resolved before trial. Accordingly, if the prosecutor plans to have the defendants tried jointly, he must move, on notice to the defendants, for a judicial determination of whether there can be an effective deletion of all references to the codefendants without prejudice to the confessing defendant. By effective deletion we mean the elimination of not only direct and indirect identification of codefendants but of any statements that could be damaging to the codefendants once their identity is otherwise established. See *People v. Johnson*, 13 *Ill. 2d* 619, 150 *N. E. 2d* 597 (*Sup. Ct.* 1958). If it appears that effective deletions are not feasible and the State still feels that the confession must be used against the declarant, the court should order separate trials. We note that similar rules have recently been adopted by the California Supreme Court in a lucid opinion by Chief Justice Traynor. *People v. Aranda, supra.*

The judgment of the Appellate Division is affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN —7.

*For reversal*—None.