150 N.J. Super. 180 (1977)
375 A.2d 283
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BRUCE E. BIDDLE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 10, 1977.
Decided May 24, 1977.
*181 Before Judges HALPERN, ALLCORN and BOTTER.
Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Mr. William S. Singer, designated counsel, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Daniel Louis Grossman, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by HALPERN, P.J.A.D.
Tried to a jury, defendant was convicted of assault with intent to kill Michael Morris (N.J.S.A. 2A:90-2), the unlawful use of a gun (N.J.S.A. 2A:151-56 and N.J.S.A. 2A:151-5) and possession of a gun without having a permit to carry it (N.J.S.A. 2A:151-41). He was acquitted of conspiring to kill Michael Morris. His codefendant, Donna Morris, the wife of the victim, who had been indicted only for conspiracy to kill her husband, was acquitted.
*182 Defendant was sentenced to State Prison for terms totalling 16 to 19 years. He seeks a reversal of his conviction on the grounds that (a) he was denied a fair trial by the trial judge's deletion of references to his codefendant in the statement given to the police, and (b) the trial judge erred in admitting his hospital records into evidence. Additionally, he asserts the sentences imposed were excessive. Although we find the issues raised to be clearly without merit under R. 2:11-3 (e)(2), we deem it advisable to discuss them briefly.
The State tried the case on the postulate that defendant and Mrs. Morris were in love with each other and had conspired to kill the victim. The proofs were uncontradicted (defendant did not testify) that on January 21, 1975 defendant laid in wait for the victim and shot him in the face, back and shoulder. Aside from defendant's voluntary statement to the police, the testimony of the victim and the other State's witnesses overwhelmingly proved that defendant shot and seriously wounded the victim.
Defendant argues he was denied a fair trial because the State did not utilize the procedure in R. 3:15-2 and move before trial to have the trial judge determine whether defendant's statement could be effectively excised without prejudice to him at the joint trial. The trial judge did consider the issue during trial and deleted therefrom those portions dealing with (a) defendant's relationship, sexual and otherwise, with Mrs. Morris; (b) their travels on the day of the shooting; (c) their conversations as to whether they should go through with their plan to kill the victim; (d) their understanding as to where Mrs. Morris was to leave the gun; (e) the references to the victim as a homosexual; (f) defendant's state of mind concerning an alleged sex orgy involving the victim and two fellow male employees; (g) a prior aborted attempt to kill the victim; (h) the details of the conspiracy; (i) defendant's experience with guns; (j) defendant's intent to shoulder all the blame, and (k) whether defendant intended to kill the victim.
*183 The issue of whether the excised portions of the statement, which were partly exculpatory in nature as to defendant, and inculpatory as to Mrs. Morris, could be effectively deleted is debatable. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); State v. Young, 46 N.J. 152 (1965); R. 3:15-2. It might have been better practice for the trial to have been severed and the entire statement used against defendant. But we need not decide the issue because we are satisfied from our review of this very lengthy record that defendant's guilt was overwhelmingly established. If any prejudice resulted, it was harmless beyond any reasonable doubt. Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. LaPorte, 62 N.J. 312 (1973). Absent a showing of prejudice to defendant, and none exists here, a violation of the Bruton rule and R. 3:15-2 does not automatically require a reversal. As indicated in Brown v. United States, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973), wherein the Bruton rule was violated, "`[A] defendant is entitled to a fair trial but not a perfect one,' for there are no perfect trials." (At 231-232, 93 S.Ct. at 1570). We are completely satisfied by the proofs in this case that defendant received a fair trial.
Next, defendant contends the trial judge erred in admitting into evidence the hospital records of the victim's confinement from January 21 to February 5, 1975.[1] The custodian of the hospital records testified they were made and kept in the ordinary course of a patient's hospital stay, and showed the treatment rendered, the patient's progress, his medical records, X-ray reports and the attending doctor's resume of the patient's progress from the time of admission to discharge. This hospital record was properly admitted into *184 evidence as an exception to the hearsay rule. State v. Martorelli, 136 N.J. Super. 449 (App. Div. 1975), certif. den. 69 N.J. 445 (1976); State v. Gardner, 51 N.J. 444 (1968); Evid. R. 63(13).
Finally, in view of the nature of this unprovoked and serious assault with intent to kill, the sentences imposed were warranted, and we cannot say the trial judge abused his discretion in imposing them. State v. Knight, 72 N.J. 193 (1976); State v. Tyson, 43 N.J. 411, 417 (1964), cert. den. 380 U.S. 987, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965).
Affirmed.
NOTES
[1] Appellant has failed to include the hospital records as part of his appendix.