163 N.J. Super. 283 (1978)
394 A.2d 883
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HECTOR HERNANDEZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1978.
Decided October 31, 1978.
*284 Before Judges HALPERN, ARD and ANTELL.
Mr. Jeffrey E. Fogel, designated attorney, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney).
Mr. Kenneth N. Lipstein, Deputy Attorney General, argued the cause for respondent (Mr. John J. Degnan, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by HALPERN, P.J.A.D.
Defendant Hector Hernandez and two confederates, Hector Martinez and George Dominguez, were convicted of conspiracy to commit robbery, armed robbery and assault with intent to rob while armed. Defendant's application for a new trial was denied.
The trial judge properly merged the conviction for assault with intent to rob while armed into the armed robbery conviction, and sentenced defendant on the robbery charge to *285 the Youth Reception and Correctional Center, Yardville, for an indeterminate term with a 15-year maximum. On the armed conviction defendant was given an additional indeterminate term to Yardville with a maximum of 10 years. On the conspiracy conviction he was given an indeterminate term to Yardville. All the sentences imposed were to run concurrently with each other and concurrent to any sentence he was then serving. Defendant alone appeals.
The issues on appeal, as framed by defendant, are:

Point I
On the factual basis of the defendant's involvement in the criminal episode, the crime of conspiracy to commit robbery, N.J.S. 2A:98-1, should be merged with the crime of armed robbery, N.J.S. 2A:141-1, 2A:151-5.

Point II
Prosecutorial comments during summation were clearly improper by suggesting that defendant was: (1) one of two actual assailants; and (2) the murderer of a "60 year old man", when not based on any reasonable inference from the evidence and highly prejudicial.

Point III
The denial of defendant's motion for severance by the trial court, combined with the trial court's failure to instruct the jury on the proper use of evidence applicable to co-defendants, represents a clear abuse of discretion and requires reversal.

Point IV
The court's imposition of an indeterminate sentence for conspiracy and, an indeterminate sentence not to exceed 15 years for robbery, and an indeterminate term not to exceed 10 years for the armed portion of the robbery count to be served concurrently in the youth reception and correction center was manifestly excessive and unduly punitive.

Point V
The failure of the sentencing judge to supply "good cause" for imposing two indeterminate sentences with maximums in excess of five years under count 2 violates the statutory requirements of N.J.S.A. 30:4-148 and, in light of the excessive nature of the sentences suggested in point IV, requires that the sentences be vacated and that appellant be resentenced to concurrent indeterminate terms with 5 year maximums.
We have considered all the issues raised in the context of the record and find them to be clearly without merit. R. 2:11-3(e)(2).
*286 We are constrained to comment on the unorthodox manner in which the case against defendant and his two codefendants was tried even though the issue is not squarely raised. It is apparent from the record on appeal that the three defendants were tried and convicted by three separate juries all of whom sat in the same courtroom and together heard many of the witnesses at the same time. Although the record is silent on the subject, it was represented to us at oral argument, when we inquired, that the trial judge had conferred with counsel and that it was agreed to proceed in this fashion.
It seems clear that this procedure was adopted because of two primary reasons, namely, (1) the victim was elderly and had come from Puerto Rico to testify against all three defendants, and the testimony of some of the State's other witnesses would be applicable to all three defendants  thus saving everyone's time and expense, and (2) by so proceeding they could avoid a Bruton[1] problem by removing a given jury whenever the proffered testimony was binding only on one defendant.
It is also clear from the record that all counsel cooperated fully with the judge during the trial of the case, and the many problems that could have arisen never developed. Separate assistant prosecutors were assigned to try each defendant, and each defendant was represented by his own attorney. Three juries of 14 were picked from separate panels and instructed not to discuss the cases with each other. Separate openings and summations were made to each jury. Full direct and cross-examinations were had of all witnesses, either before all three juries or an individual jury, as the circumstance required. Separate jury instructions were given to each jury, and separate verdicts were rendered.
In view of the unusual manner in which the trial was held, we carefully reviewed this record to be sure that defendant *287 received a fair trial. We are fully satisfied that defendant received a fair trial, that his guilt was established beyond any reasonable doubt and that no prejudice resulted to him. However, by so holding we do not place our imprimatur upon trying multiple defendants in this fashion. There are too many opportunities for error to take place which would end in a reversal if a conviction occurs, resulting in needless expense and a waste of judicial resources and counsels' precious time.
Because the procedure utilized here could possibly be used as an efficient method in disposing of criminal cases if appropriate standards are adopted, we suggest that the matter be presented to an appropriate committee of our Supreme Court for its study and recommendation.
Affirmed.
NOTES
[1] Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).