STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JAMES
HASKELL AND MARK HASKELL,
DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued July 19, 1984—Decided August 3, 1984.

Before Judges MATTHEWS, DREIER and SHEBELL, J.S.C.
t/a.

*Diane Toscano,* First Deputy Public Defender, argued the cause for appellant James Haskell, *(Joseph H. Rodriguez,* Public Defender, attorney; *Diane Toscano,* on the brief).

*Craig V. O'Connor,* Designated Counsel, argued the cause for appellant Mark Haskell *(Joseph H. Rodriguez,* Public Defender, attorney; *Craig V. O'Connor,* on the brief).

*Denise H. Pappas,* Legal Asst., argued the cause for respondent *(Lee S. Trumbull,* Prosecutor of Morris County, attorney; *Denise H. Pappas,* on the brief).

The opinion of the court was delivered by

DREIER, J.A.D.

We granted leave for defendants to appeal from an interlocutory determination permitting their joint trial for the crimes of murder and possession of a weapon with intent to use it unlawfully against the person of decedent. Defendants contended that since the State intended to offer their separate statements separate trials were mandated. The prosecution disagreed and the trial court determined that a limiting instruction would suffice, since the statements of the defendants were "interlocking," and thus there was no requirement for separate trials under *Parker v. Randolph,* 442 *U.S.* 62, 99 *S.Ct.* 2132, 60 *L.Ed.*2d 713 (1979). An expedited appeal in this matter was granted on June 6, 1984.

Four statements were taken from defendant James Haskell, the last of which graphically describes how Mark Haskell killed the decedent. Mark gave five statements, the last of which admits the killing. The statements also depict James as at least an accessory after the fact.

While issue may be taken with the proposition that the final statements given by defendants are "interlocking," we will assume for the purpose of this opinion that we are dealing with interlocking statements.

*Parker v. Randolph* established (by the plurality opinion) the Federal rule that interlocking confessions can be introduced in a joint trial, provided appropriate instructions are given. Our Supreme Court has established rules to the contrary. *State v. Broxton*, 49 *N.J.* 373, 376–377 (1967); *State v. Young*, 46 *N.J.* 152 (1965); *State v. Blanchard*, 44 *N.J.* 195 (1965). The court in *Young* enunciated the following:

> Accordingly, if the prosecutor plans to have the defendants tried jointly, he must move, on notice to the defendants, for a judicial determination of whether there can be an effective deletion of all references to the codefendants without prejudice to the confessing defendant. By effective deletion we mean the elimination of not only direct and indirect identification of codefendants but of any statements that could be damaging to the codefendants once their identity is otherwise established. See *People v. Johnson*, 13 *Ill.*2d 619, 150 *N.E.*2d 597 (Sup.Ct.1958). If it appears that effective deletions are not feasible and the State still feels that the confession must be used against the declarant, the court should order separate trials. We note that similar rules have recently been adopted by the California Supreme Court in a lucid opinion by Chief Justice Traynor. *People v. Aranda, supra* [63 *Cal.*2d 518, 47 *Cal.Rptr.* 353, 407 *P.*2d 265 (1965)]. [46 *N.J.* at 159]

The *State v. Young* rule was codified in 1969 in *R.*3:15–2(a).

> Motion by State Before Trial. If 2 or more defendants are to be jointly tried and the prosecuting attorney intends to introduce at trial a statement, confession or admission of one defendant involving any other defendant, he shall move before trial on notice to all defendants for a determination by the court as to whether such portion of the statement, confession, or admission involving such other defendant can be effectively deleted therefrom. The court shall direct the specific deletions to be made, or, if it finds that effective deletions cannot practically be made, it shall order separate trials of the defendant. Upon failure of the prosecuting attorney to so move before trial, the court may refuse to admit such statement, confession or admission into evidence at trial, or take such other action as the interest of justice requires.

In the interim between *State v. Young* and the adoption of *R.* 3:15–2(a), the United States Supreme Court in *Bruton v. United States*, 391 *U.S.* 123, 88 *S.Ct.* 1620, 20 *L.Ed.*2d 476 (1968) reached the same conclusion as had our Supreme Court three years earlier. Our Supreme Court more recently in *State v. Corsi*, 86 *N.J.* 172, 176–179 (1981) discussed the options open to a court "in a *Bruton-Young* situation." These are (1) making effective deletions, (2) using separate trials, or (3) refusing to admit the statement into evidence. The court further noted

that in some unusual situations multiple juries may be used. There is no mention in *Corsi*, nor in any other reported appellate New Jersey decision, of an exception to *R*.3:15–2(a) or the "Bruton-Young" rule for "interlocking confessions," nor is there even a citation to *Parker v. Randolph*.

A single Law Division decision, *State v. Lyons*, 194 *N.J.Super.* 616 (Law Div.1984), discusses and applies *Parker v. Randolph*. In that case the court found the confessions of the three defendants to be interlocking and "unequivocally inculpatory." The opinion fully explored *R*.3:15–2(a), but rejected the conclusion that the rule "mandates severance ... due to the impossibility of viable redaction." The judge reasoned that the court rule does not apply to "interlocking confessions of multiple defendants," since the rule by its terms applies only when "the State intends 'to introduce at trial a statement, confession or admission of *one* defendant involving any other defendant.' " [Emphasis added in *Lyons*].

From our reading of the court rule and the New Jersey authorities, we cannot agree with *State v. Lyons*. We read *R*. 3:15–2(a) to apply in any multiple party case irrespective of the number of confessions or defendants. The confrontation clause problem noted in *Young* and *Bruton* is not dependent upon such factors.

It has been noted in some cases that, where the parties testified in accordance with their statements, the failure to follow *R*.3:15–2(a) becomes harmless error. See *State v. Gardner*, 54 *N.J.* 37, 43–44 (1969). Similarly, if the statements are not inculpatory to parties other than the declarant, it is harmless error to admit them in a joint trial. See *State v. Carter*, 54 *N.J.* 436, 442–446 (1969), *cert.* den. 397 *U.S.* 948, 90 *S.Ct.* 969, 25 *L.Ed.*2d 130 (1970). These cases, however, deal with the treatment of erroneously admitted statements, while the case before us deals with the preclusion of such statements. In any event, the *Gardner* or *Carter* treatment of the statements there considered falls far short of establishing a *Parker*

*v. Randolph* exception in New Jersey. There is no constitution-
al impediment against New Jersey providing a more protective
rule than that followed under Federal law. *Right to Choose v.
Byrne*, 91 *N.J.* 287, 300–301 (1982); *State v. Johnson*, 68 *N.J.*
349, 353 (1975). Insofar as *State v. Lyons* is in conflict with
this opinion, it is disapproved.

We therefore reverse the interlocutory determination made
by the Law Division and remand the matter for multiple trials
or such other action as may be consistent with *R.* 3:15–2(a).
We do not retain jurisdiction.