The decision of the State Board of Education dated September 5, 1984 is affirmed.

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
MICHAEL LYONS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 28, 1986—Decided July 1, 1986.

Before Judges MICHELS and DEIGHAN.

*Thomas S. Smith, Jr.*, Acting Public Defender, attorney for appellant (*David Elving Schwartz*, Designated Counsel, of counsel and on the letter brief).

*W. Cary Edwards*, Attorney General of New Jersey, attorney for respondent (*John J. Scaliti*, Deputy Attorney General, of counsel and on the letter brief).

PER CURIAM.

Tried to a jury, defendant Michael Lyons was convicted with co-defendant Willie LeGrand (LeGrand) of (1) armed robbery, a crime of the first degree, in violation of *N.J.S.A.* 2C:15–1 (Count One), (2) unlawful possession of a handgun without having first obtained a permit to carry the same, a crime of the third degree, in violation of *N.J.S.A.* 2C:39–5 (Count Two) and (3) possession of a firearm with the purpose to use it unlawfully

against the person of another, a crime of the second degree, in violation of *N.J.S.A.* 2C:39–4a (Count Three).[1] The trial court merged defendant's conviction for possession of a weapon for an unlawful purpose (Count Three) into his conviction for armed robbery (Count One). The trial court thereupon committed defendant to the custody of the Commissioner of the Department of Corrections for a term of 12 years with a four-year period of parole ineligibility for the robbery and to a concurrent four year term for the unlawful possession of a weapon. In addition, defendant was assessed penalties totaling $50, payable to the Violent Crimes Compensation Board.

Defendant appeals, seeking a reversal of his convictions and a remand for a new trial, contending solely that the trial court erred in failing to grant his motion, pursuant to *R.* 3:15–2(a), for a severance of his trial. The trial court had granted the State's motion for a joint trial of all defendants, including Mickey James (James), who subsequently entered a guilty plea, notwithstanding that effective deletions could not be made from statements of each defendant implicating the co-defendants. The trial court concluded that the statements interlocked because "each of the instant statements places its confessing defendant 'at the scene with a fair implication of knowing participation' " and therefore held that *R.* 3:15–2(a) did not apply to a case involving interlocking confessions of multiple defendants. *State v. Lyons,* 194 *N.J.Super.* 616, 620–621 (Law Div.1984).

In *State v. Haskell,* 195 *N.J.Super.* 235, 237–238 (App.Div. 1984), aff'd 100 *N.J.* 469 (1985), a factually similar case, we reversed a trial court's ruling that interlocking confessions were admissible in a joint trial of co-defendants, concluding that *R.* 3:15–2(a) does not make any exception for interlocking

---

[1] We are today filing a separate opinion affirming the conviction of co-defendant Willie LeGrand (*State v. LeGrand,* 203 *N.J.Super.* ——. Docket No. A–4577–83T4).

confessions. On appeal by the State, the Supreme Court affirmed our decision, stating:

In the present case, the Appellate Division rejected *State v. Lyons,* concluding that the right of a defendant to confront a confessing co-defendant does not depend on the number of confessions or defendants. 195 *N.J.Super.* at 238. As the Appellate Division observed, Rule 3:15–2 applies to any multiple-defendant case. *Id.* We agree.

The problem that *Young* and Rule 3:15–2 sought to redress was the prejudice that might be caused by the admission of a co-defendant's confession, which, although implicating another defendant, could not be challenged at trial. This problem can exist, as here, regardless of the number of confessions or defendants involved in the case.

As noted in *Young,* the out-of-court statement of a co-defendant is inadmissible against another defendant because admission of the statement violates the rule prohibiting hearsay and the defendant's fundamental right to confront witnesses. *State v. Young, supra,* 46 *N.J.* [152] at 156. Such statements do not become admissible simply because the confession of a co-defendant is corroborated to some degree by an inculpatory admission of the defendant.

In contrast to *Parker's* [*Parker v. Randolph,* 442 *U.S.* 62, 99 *S.Ct.* 2132, 60 *L.Ed.*2d 713 (1979) ] focus on the diminution of prejudice when both defendants have confessed, the goal of Rule 3:15–2(a) is to preclude prejudice before it arises. We continue to believe that the more salutary practice is to grant a motion to sever when effective deletion of all references to co-defendants cannot be made. Not only does that practice preclude the possibility of prejudice to the defendant, but it saves appellate courts from having to speculate whether juries were prejudiced by the presentation of otherwise inadmissible evidence. *See Delli Paoli, supra,* 352 *U.S.* [232] at 248, 77 *S.Ct.* [294] at 303, 1 *L.Ed.*2d [278] at 289 [1957] (Frankfurter, J., dissenting). Speculation about the "practical value" of the right to confront a confessing co-defendant is not the appropriate focus in a pre-trial motion for severance. Rather, the focus should be on taking "reasonable measures to protect those defendants whose rights are endangered." *State v. Young, supra,* 46 *N.J.* at 157. Consequently, when the confession of any co-defendant involving any other co-defendant cannot be effectively excised, the trial court should order separate trials.

In reaching this result, we rely on *State v. Young, supra,* and on Rule 3:15–2(a). We do not rely on federal authorities, but refer to them solely for illustrative purposes. *See Michigan v. Long,* 463 *U.S.* 1032, 103 *S.Ct.* 3469, 77 *L.Ed.*2d 1201 (1983). In this regard, Judge Dreier identified a fundamental tenet of our federalist system in observing that "[t]here is no constitutional impediment against New Jersey providing a more protective rule than that followed under Federal law." 195 *N.J.Super.* at 239. [*State v. Haskell,* 100 *N.J.* 469, 478–479 (1985).]

■ Consequently, it is clear that the trial court erred in denying defendant's motion for severance pursuant to *R.* 3:15–2(a), and the State does not contend otherwise. Nonetheless,

defendant's convictions will not be disturbed as the error was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 *U.S.* 18, 24, 87 *S.Ct.* 824, 828, 17 *L.Ed.*2d 705 (1967); *State v. Macon*, 57 *N.J.* 325, 340–341 (1971); *State v. Carter*, 54 *N.J.* 436, 442–446 (1969). At trial, neither the State nor co-defendant LeGrand introduced any extrajudicial statements of LeGrand, James or anyone else which implicated defendant. James's statement was not introduced at the trial and while LeGrand's extrajudicial statement was, it did not implicate defendant. Moreover, even if it had, defendant was afforded ample opportunity to, and did in fact, cross-examine LeGrand, who testified at the trial. Thus, defendant suffered no prejudice whatsoever to his right of confrontation by virtue of the trial court's denial of his motion for severance.

Accordingly, the judgment of conviction and the order of commitment under review are affirmed.